(No. 11457.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MARVINE OLSON, Plaintiff in Error.

*Opinion filed October 23, 1917—Rehearing denied Dec. 6, 1917.*

1. CRIMINAL LAW—*when verdict sufficiently complies with statute as to finding the age of the defendant.* A verdict in a confidence game case finding that the defendant is "between the age of ten and twenty-one years and that he is about the age of seventeen years," is a sufficient compliance with the statute requiring the jury to find whether the defendant is between the ages of sixteen and twenty-six years, and, if they find he is between such ages, to find, as nearly as may be, his age.

2. SAME—*section 18 of the Reformatory act of 1891 is repealed.* Section 18 of the Reformatory act of 1891, authorizing the discharge of a prisoner by the court, was superseded and impliedly repealed by section 10, passed in 1899, which requires every sentence to the reformatory to be an indeterminate one, which shall be terminated by the board of pardons.

3. CONSTITUTIONAL LAW—*the Reformatory act of 1891 does not violate the constitution.* The fact that section 7 of the Reformatory act now provides that each member of the board of managers shall receive a salary of $1200, and that section 22 appropriated

$150,000 to carry the act into effect, does not render the act invalid as in violation of section 16 of article 4 of the constitution, prohibiting the inclusion of any other subject in bills making appropriations for salaries of State officers, as section 7, when the act of 1891 was passed, contained no such provision but merely allowed the members mileage for necessary travel.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. DAVID M. BROTHERS, Judge, presiding.

FRED F. WEINMAN, THOMAS E. SWANSON, and CHAS. P. R. MACAULAY, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, MACLAY HOYNE, State's Attorney, and NOAH C. BAINUM, (GEORGE C. BLISS, of counsel,) for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

The plaintiff in error was convicted in the criminal court of Cook county of obtaining the money of the Union Trust Company by means of the confidence game, and he has sued out a writ of error to reverse the judgment.

The jury found that the defendant was "between the age of ten and twenty-one years and that he is about the age of seventeen years." It is insisted that this verdict was not a compliance with the requirement of the statute that the jury shall find by their verdict whether or not the defendant is between the ages of sixteen and twenty-six years, and if the jury shall find the defendant to be between the ages of sixteen and twenty-six years, they shall find, as nearly as may be, the age of the defendant. "About" means here "nearly;" "approximately;" "almost." The requirement is not that the jury shall find the exact age of the defendant but that they shall find it as nearly as may be,—and this in case only that the defendant is between the ages of sixteen and twenty-six years. The jury having found that the defendant was between the ages of ten and twenty-one years, it became necessary, under the statute, for them fur-

ther to find whether he was above the age of sixteen years or below the age of sixteen years, and their finding that he was about the age of seventeen years, in view of this issue, was necessarily a finding that he was above the age of sixteen years and therefore between the ages of sixteen and twenty-six years.

It is insisted that the Reformatory act, under which the defendant was sentenced to be confined in the reformatory, is unconstitutional by reason of the provisions of section 18 authorizing the discharge of the prisoner by the court,—a power which, it is insisted, cannot be constitutionally conferred upon the court. This section, which was passed in 1891, has been superseded by section 10 of the Parole law, which was passed in 1899, (Hurd's Stat. 1916, p. 961,) and provides that every sentence to the Illinois State reformatory shall be an indeterminate sentence, which shall be terminated by the board of pardons upon the recommendation, in writing, of the board of managers of said reformatory. This provision is inconsistent with the terms of section 18 of the Reformatory act and therefore impliedly repeals that section.

Another objection to the constitutionality of the Reformatory act is that it offends against the provisions of section 16 of article 4 of the constitution, which prohibits the inclusion in bills making appropriations for the salaries of the officers of the State government of any provision on any other subject, inasmuch as section 7 provided that each member of the board of managers should receive $1200 a year, to be paid out of the funds of the institution, and section 22 appropriated $150,000 for the purpose of carrying the provisions of the act into effect. Section 7 of the Reformatory act as originally passed contained no such provision. It read as follows: "Each member of the board shall be allowed three cents per mile for every mile traveled going and returning while on necessary business of the reformatory, but no other fee, allowance or perquisite what-

ever." (Laws of 1891, p. 53.) The objection made there-
fore had no existence in fact when the Reformatory act
was passed.

Since the act contained no provision making appropria-
tions for the salaries of the managers, the further objection
that it embraced two subjects, in violation of section 13 of
article 4 of the constitution, also fails.

The judgment of the criminal court is affirmed.

*Judgment affirmed.*

---

(No. 11427.—Reversed and remanded.)
WILLIAM H. DUNN, Appellee, *vs.* THE CHICAGO INDUS-
TRIAL SCHOOL FOR GIRLS *et al.* Appellants.

*Opinion filed October 23, 1917—Rehearing denied Dec. 6, 1917.*